IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUMARK TECHNOLOGIES, INC.<br>11325 Random Hills Rd # 320,<br>Fairfax, VA 22030<br><br>   Plaintiff,<br><br>v.<br><br>NACC, INC.<br>1707 Susan Drive<br>Arlington, TX  76010<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

### Diversity Jurisdiction

1. The plaintiff, Lumark Technologies, Inc., ("Lumark"), is a Virginia corporation with its principal place of business in Virginia.

2. Defendant NACC, Inc., is a State of Washington Corporation with its principal place of business in either Washington or Texas.

3. The plaintiff's cause of action here exceeds $75,000, excluding interest and costs.

4. Complete diversity of citizenship exists between the parties for purposes of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2018).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2018) since the work was performed in the District of Columbia.

### Facts of the Case

6. Both Lumark and NACC are experienced federal government contractors.

7. NACC and Lumark entered into purchase order dated September 18, 2017 whereby Lumark agreed to produce, as a subcontractor to NACC, a housing management study in accordance with the terms of the purchase order and consistent with the terms of the contract between the Department of Homeland Security, Customs and Border Patrol ("CBP") and NACC. (These facts are supported by affidavit of the President and Chief Executive Officer Luis Riesco, attached as Exhibit 1.  Also, see Purchase Order attached as Exhibit 2).

8. NACC performed its portion of the CBP contract at Lumark's facility located at 800 Maine Avenue, Washington, DC.

9. Lumark performed its portion of the purchase order at Lumark's facility located at 800 Maine Avenue, Washington, DC.

10. Lumark's work on the project, including the required deliverable to NACC and to the government customer, was accepted by the parties.

11. Lumark invoiced NACC monthly from November 2017 to March 2018.  (See unpaid invoices attached as Exhibit 3).

12. NACC invoiced CBP, the Government customer, sometime prior to the end of February 2018 and was subsequently paid in full for the prime contract.

13. Despite NACC's receipt from the Government customer of payment in full, NACC has failed to pay the outstanding invoices submitted by Lumark to NACC.

14. NACC has an outstanding balance owed to Lumark as of the date of filing of this Complaint of $109,233.75.

15. Lumark has demanded full payment of $109,233.75 but has not been paid the balance owing on the purchase order.

16. NACC has not disputed Lumark's work on this project and has not disputed the current amount owed on the purchase order.

## Count I

### (Breach of Contract)

17. Lumark incorporates herein and realleges all of the foregoing paragraphs of this Complaint.

18. NACC owed to Lumark an obligation to pay the balance of the amount owed under the Purchase Order of $109,233.75.

19. NACC has failed to pay the $109,233.75 owed under the Contract.

20. NACC's actions constitute a breach of the contractual terms of the Purchase Order, for which Lumark is entitled to recover the amount owed of $109,233.75.

### *Request for Relief*

WHEREFORE, Lumark respectfully requests entry of judgment against NACC in the amount of $109,233.75 plus any other relief deemed by the Court to be just and equitable.

Respectfully submitted,

/s William Thomas Welch
William T. Welch, Counsel of Record (Bar No. 442043)
McMAHON, WELCH AND LEARNED
2100 Reston Parkway, Suite 325
Reston, VA  20191
(703) 483-2812 (Direct Dial)
(703) 621-9355 (fax)
WWelch@MWLLegal.com
Attorney of Record